**MOANANU VA, Appellant**

v.

**PAULO ALOFIPO, Appellee**

High Court of American Samoa
Appellate Division

---

Before KRUSE, Chief Justice, CANBY,[*] Acting Associate Justice, MUNSON,[**] Acting Associate Justice, VAIVAO, Associate Judge, LOGOAI, Associate Judge.

Counsel:　　　　　　　For Appellant, Gata E. Gurr
　　　　　　　　　　　For Appellee, Charles V. Ala'ilima

KRUSE, Chief Justice

This matter involves a vehicle-pedestrian collision that occurred on the morning of May 2, 1989. The trial court found the driver/appellant, Moananu Va, 75% negligent and the pedestrian/appellee, Paulo Alofipo, 25% negligent. Among other things, the court found "that the defendant was inattentive to plaintiff's presence on the road until it was too late to take effective evasive action" and that plaintiff was "jogg[ing] on the right side of the road with his back turned to oncoming traffic." CA No. 32-91, slip op. at 5 (Trial Div. March 25, 1992). The court concluded that both defendant and plaintiff were in breach of certain traffic statutes relating to the general duty of care required of drivers and of pedestrians, respectively. The court accordingly apportioned damages and awarded plaintiff $12,018.

Moananu contends that the evidence was inadequate to sustain the lower court's finding of negligence on his part. He has submitted his own version of the facts, which he claims has superior "evidentiary support."

---

[*] Honorable William C. Canby, Jr., Circuit Judge, United States Court of Appeal for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[**] Honorable Alex R. Munson, Chief Judge, United States District Court for the Northern Marianas, serving by designation of the Secretary of the Interior.

■ Appellant appears to be arguing for a re-weighing of the evidence presented at trial. The trial court's determination of negligence is reviewed under the "clearly erroneous" standard. *Saufo'i v. American Samoa Government*, 19 A.S.R.2d 54, 56-57 (App. Div. 1991). The test for clear error is not whether a dissatisfied litigant has presented evidence of superior evidentiary support, to sustain his version of the facts, but whether the trial court's findings are substantially supported. *Moea'i v. Alai'a*, 12 A.S.R.2d 91, 93 (App. Div. 1989). Unless the trial court's factual determinations are clearly not supported on the record, "[i]t is not within the province of the appellate court to reweigh the evidence and interfere with a decision based on the lower court's choice of one version of the facts over another. *Utuutuvanu v. Mataituli*, 12 A.S.R.2d 88, 90 (App. Div. 1989); *see also Leituala v. Faleafine*, 9 A.S.R.2d 16 (App. Div. 1988). Here, the trial court's resolution of the negligence issue was not clearly erroneous. To the contrary, it is well supported on the record and, therefore, may not be disturbed on appeal.

Moananu's second assignment of error is that damages are excessive in the light of previous awards in similar cases. Again, the standard of review is clear error, A.S.C.A. § 43.0801(b), and the trial court's decision on damages is not to be upset unless it is clearly unsupported by the evidence. *Kim v. Star-Kist Samoa*, 8 A.S.R.2d 146, 151 (App. Div. 1988). Having regard to the evidence bearing on plaintiff's injuries and resultant pain and suffering, we cannot say that the award below is not supported on the record. We affirm.

It is so ordered.